In re Gary W. HART, Kimberly
L. Hart, Debtors.

No. 02–59578.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Aug. 4, 2003.

Gary W. Hart, Kimberly L. Hart, Laurelville, OH, John I. Peters, Pataskala, OH, for Debtors.

Monette W. Cope, Weltman, Weinberg & Reis Co., LPA, Columbus, OH, for Creditor, Nuvell CR Corp–NAL.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### ORDER ON MOTION FOR RELIEF FROM STAY FILED BY NUVELL FINANCIAL SERVICES CORP.

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion for relief from stay filed by Nuvell CR Corp–NAL c/o Nuvell Financial Services Corp. ("Nuvell") on May 22, 2003. Nuvell seeks relief in order to exercise its state-law remedies with respect to its collateral, a 1998 Chevy C–1500 pick-up truck titled in the name of Gary W. Hart, one of the debtors herein. The motion was served on the debtors, the debtors' attorney, the chapter 13 trustee, and the United States Trustee and contained the 20–day notice required by Local Bankruptcy Rule 9013–1(a).

On June 9, 2003, the Court put on an order continuing the stay and setting a hearing for June 26, 2003. The order provided that any response to the motion must be filed by the earlier of twenty (20) days after the motion was served or three (3) days prior to the hearing.

The debtors did not file a response within the 20–day period, and on June 16, 2003,

Nuvell filed a certificate of proper service and lack of response. Under the authority granted by Local Bankruptcy Rules 4001–1(d), 9013–1(a) and 9021–1(a), the clerk on June 18, 2003, issued an order granting Nuvell relief from stay. The clerk's order was entered and served through BNC on June 20, 2003.

On June 24, 2003, the debtors filed a memorandum in opposition to Nuvell's motion and requested a hearing. The certificate of service indicated that the debtors served their memorandum on Nuvell's attorney on June 19, 2003. On June 26, 2003, the Court conducted a hearing. The sole issue to be determined is whether the Court should vacate the clerk's order because the debtors served their memorandum contra prior to entry of the order. The Court answers the question in the negative.

A response to a motion for relief from stay which is not *filed* within either the time set forth in the notice or the period specified by the order continuing stay and setting hearing will not act to stop the issuance of a clerk's order where the certificate of proper service and lack of response is not filed prematurely even though the clerk's order may not have been "entered" when the belated response was served. If the movant properly notices the motion and receives no response within the time the local bankruptcy rules require the movant to wait before filing a certificate of no response, a late response will be ineffective to defeat the certificate of no response and the resulting clerk's order, absent an incorrect service address or other legal defect. The high volume of motions for relief from stay, the existence of the procedure set forth in the local bankruptcy rules, and the need for clarity in these processes requires this result.

Based on the foregoing, the Court declines to vacate the clerk's order granting Nuvell relief from the automatic stay.

**IT IS SO ORDERED.**